UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X     **18 Civ. 4797**

BAHTIYOR YAKUBOV,

                         Plaintiff,                                  **COMPLAINT**

        - against -

BOSS FOOD, INC., as successor in interest to Café Globus,
ALEX LI, *Individually*, and OXANA LI, *Individually*,

                         Defendants.

------------------------------------------------------------------------X

       Plaintiff, BAHTIYOR YAKUBOV, by his attorneys, LAW OFFICE OF YURIY

MOSHES, P.C., hereby complains of Defendants, upon information and belief, as follows:

## NATURE OF THE CASE

1.    Plaintiff brings this action against Defendants pursuant to the <u>Fair Labor Standards Act</u>,

    29 U.S.C. § 201, *et seq.* ("FLSA") and the <u>New York State Labor Law,</u> Articles 6 & 19

    ("NYLL") for failure to pay minimum wage and overtime wages due and owed for hours

    worked in excess of forty (40) hours per workweek.  As a result of Defendants' violation

    of the NYLL and FLSA, Plaintiff is entitled to (a) the full amount of underpayment, (b)

    attorneys' fees and costs, (c) prejudgment interest, and (d) an additional amount as

    liquidated damages equal to one hundred percent of the total amount of the wages found

    to be due.

2.    Plaintiff also complains pursuant to the <u>Wage Theft Prevention Act</u>, New York Labor

    Law § 195, *et seq.,* and seeks to redress the damages he has suffered as a result of

    Defendants' failure to give him written notice of wage rates and paystubs.

## JURISDICTION AND VENUE

3.      Jurisdiction of this Court is proper under §216(b) of the FLSA (29 U.S.C. § 216 (b)) and 28 U.S.C. §§ 1331 and 1343.

4.      The Court has supplemental jurisdiction over the claims of Plaintiff brought under state law pursuant to 28 U.S.C. §1367.

5.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) as it is a judicial district in which a substantial part of the events or omissions giving rise to the claims have occurred.

## PARTIES

6.      That at all times relevant hereto, Plaintiff BAHTIYOR YAKUBOV ("YAKUBOV") was a resident of the State of New York and the County of Kings.

7.      That at all times relevant hereto, Defendant BOSS FOOD INC. ("BOSS FOOD") was a domestic business corporation, duly existing pursuant to, and by virtue of the laws of the State of New York, with its principal place of business located at 2896 West 12th Street, Brooklyn, New York 11224.

8.      That at all times relevant hereto, Café Globus was a Russian restaurant located at 1739 West 7th Street, Brooklyn, New York 11223.

9.      That at all times relevant hereto, Defendant BOSS FOOD is the successor in interest to Café Globus, as there is: (1) a continuity of ownership, (2) cessation of ordinary business and dissolution of Café Globus; (3) assumption by Defendant BOSS FOOD of Café Globus's liabilities; and (4) continuity of management, personnel, assets, and general business operation.

10.     That at all times relevant hereto, Plaintiff YAKUBOV was a full-time employee of Café Globus.

11.     That at all times relevant hereto, Defendant ALEX LI ("ALEX") was an employee of Café Globus and Defendant BOSS FOOD, holding the position of "Owner."

12.     That at all times relevant hereto, upon information and belief, Defendant ALEX resides at 1907 East 29th Street, 1st Floor, Brooklyn, New York 11229.

13.     That at all times relevant hereto, Defendant ALEX was Plaintiff YAKUBOV's supervisor and/or had supervisory authority over Plaintiff YAKUBOV.

14.     That at all times relevant hereto, Defendant OXANA LI ("OXANA") was an employee of Café Globus and Defendant BOSS FOOD, holding the position of "Owner."

15.     That at all times relevant hereto, upon information and belief, Defendant OXANA resides at 1907 East 29th Street, 1st Floor, Brooklyn, New York 11229.

16.     That at all times relevant hereto, Defendant OXANA was Plaintiff YAKUBOV's supervisor and/or had supervisory authority over Plaintiff YAKUBOV.

17.     That at all times relevant hereto, Defendant BOSS FOOD, Defendant ALEX, and Defendant OXANA are collectively referred to herein as "Defendants."

18.     At all times relevant hereto, Defendants had the power to, and were responsible for, determining the wages to be paid to Plaintiff YAKUBOV.

19.     At all times relevant hereto, Defendants had the power to, and did in fact, establish the terms of Plaintiff YAKUBOV's employment, including Plaintiff YAKUBOV's schedule and rate of pay.

20.     The FLSA defines "employer" to include any person acting directly or indirectly in the interest of an employer in relation to an employee and an employee is anyone who is

3

suffered or permitted to work.  As a result, including as further described below, both Defendants are liable as "employers" under the FLSA.

21.    Defendants are thus jointly and severally liable as joint employers under 29 C.F.R. §791.2 for the violations complained of herein.

22.    Upon information and belief, Defendants were engaged in interstate commerce within the meaning of the FLSA in that Defendants: (a) had and have employees engaged in commerce or in the production of goods for commerce, and handles, sells, or otherwise works on goods or materials that have been moved in or produced for commerce by any person; and (b) had and have an annual gross volume of sales of not less than $500,000.00.

23.    Further, upon information and belief, during Plaintiff YAKUBOV's employment with Defendants, Plaintiff YAKUBOV routinely engaged in activities which facilitate or relate to interstate or foreign commerce.

**<u>MATERIAL FACTS</u>**

24.    On or about August 19, 2016, Plaintiff YAKUBOV began working for Defendants as a "Dish Washer/Assistant Cook" at Café Globus, located at 1739 West 7th Street, Brooklyn, New York 11223.

25.    Throughout Plaintiff YAKUBOV's employment, Plaintiff YAKUBOV was an exemplary employee, was never disciplined, and always received compliments for his work performance.

26.    At all times relevant hereto, the work performed by Plaintiff YAKUBOV required no capital investment.

27.    At all times relevant hereto, Plaintiff YAKUBOV did not have any supervisory or managerial responsibilities.

28.    Insofar as is relevant, from on or about December 31, 2015 to December 30, 2016, the New York State minimum wage was $9.00 per hour. From on or about December 31, 2016 to on or about December 30, 2017, the New York State minimum wage for employers with less than eleven (11) employees was $10.50 per hour.

29.    Throughout his employment, Defendants consistently failed to pay Plaintiff YAKUBOV at the minimum wage rate for all hours worked up to 40 hours per week.

30.    Further, as Plaintiff YAKUBOV was a non-exempt employee, he should have been paid time-and-a-half his regular hourly rate for each hour of overtime that Plaintiff YAKUBOV worked each week.   However, although Defendants regularly required Plaintiff YAKUBOV to work overtime, Defendants wholly failed to compensate Plaintiff YAKUBOV at a rate of one and one-half times his regular hourly rate of pay for all hours worked in excess of 40 hours each week, in violation of the FLSA and the NYLL.

31.    By way of example, from on or about August 19, 2016 through on or about August 25, 2016, Plaintiff YAKUBOV worked for Defendants 7 days from 6:00am to 10:00pm (16 hours/day).  Accordingly, Plaintiff YAKUBOV worked 112 hours that week.

32.    However, rather than paying Plaintiff YAKUBOV for 40 hours at the minimum wage hourly rate of $9.00 and 72 hours at his overtime hourly rate of $13.50, for a total of $1,332.00, Defendants only paid Plaintiff YAKUBOV $320.00 that week.

33.    Thus, from on or about August 19, 2016 through on or about August 25, 2016, Defendants denied Plaintiff YAKUBOV approximately **$1,012.00** in total wages for the week.

34.    From on or about August 26, 2016 through on or about September 1, 2016, Plaintiff YAKUBOV worked for Defendants 7 days from 6:00am to 10:00pm (16 hours/day). Accordingly, Plaintiff YAKUBOV worked 112 hours that week.

35.    However, rather than paying Plaintiff YAKUBOV for 40 hours at the minimum wage hourly rate of $9.00 and 72 hours at his overtime hourly rate of $13.50, for a total of $1,332.00, Defendants only paid Plaintiff YAKUBOV $660.00 that week.

36.    Thus, from on or about August 26, 2016 through on or about September 1, 2016, Defendants denied Plaintiff YAKUBOV approximately **$672.00** in total wages for the week.

37.    From on or about September 2, 2016 through on or about September 8, 2016, Plaintiff YAKUBOV worked for Defendants 7 days from 6:00am to 10:00pm (16 hours/day). Accordingly, Plaintiff YAKUBOV worked 112 hours that week.

38.    However, rather than paying Plaintiff YAKUBOV for 40 hours at the minimum wage hourly rate of $9.00 and 72 hours at his overtime hourly rate of $13.50, for a total of $1,332.00, Defendants only paid Plaintiff YAKUBOV $720.00 that week.

39.    Thus, from on or about September 2, 2016 through on or about September 8, 2016, Defendants denied Plaintiff YAKUBOV approximately **$612.00** in total wages for the week.

40.    From on or about September 9, 2016 through on or about September 15, 2016, Plaintiff YAKUBOV worked for Defendants 7 days from 6:00am to 10:00pm (16 hours/day). Accordingly, Plaintiff YAKUBOV worked 112 hours that week.

41.    However, rather than paying Plaintiff YAKUBOV for 40 hours at the minimum wage hourly rate of $9.00 and 72 hours at his overtime hourly rate of $13.50, for a total of

$1,332.00, Defendants only paid Plaintiff YAKUBOV $720.00 that week.

42.     Thus, from on or about September 9, 2016 through on or about September 15, 2016, Defendants denied Plaintiff YAKUBOV approximately **$612.00** in total wages for the week.

43.     From on or about September 16, 2016 through on or about September 22, 2016, Plaintiff YAKUBOV worked for Defendants 7 days from 6:00am to 10:00pm (16 hours/day). Accordingly, Plaintiff YAKUBOV worked 112 hours that week.

44.     However, rather than paying Plaintiff YAKUBOV for 40 hours at the minimum wage hourly rate of $9.00 and 72 hours at his overtime hourly rate of $13.50, for a total of $1,332.00, Defendants only paid Plaintiff YAKUBOV $720.00 that week.

45.     Thus, from on or about September 16, 2016 through on or about September 22, 2016, Defendants denied Plaintiff YAKUBOV approximately **$612.00** in total wages for the week.

46.     From on or about September 23, 2016 through on or about September 29, 2016, Plaintiff YAKUBOV worked for Defendants 7 days from 6:00am to 10:00pm (16 hours/day). Accordingly, Plaintiff YAKUBOV worked 112 hours that week.

47.     However, rather than paying Plaintiff YAKUBOV for 40 hours at the minimum wage hourly rate of $9.00 and 72 hours at his overtime hourly rate of $13.50, for a total of $1,332.00, Defendants did not pay Plaintiff YAKUBOV any wages that week.

48.     Thus, from on or about September 23, 2016 through on or about September 29, 2016, Defendants denied Plaintiff YAKUBOV approximately **$1,332.00** in total wages for the week.

49.     From on or about September 30, 2016 through on or about October 6, 2016, Plaintiff

YAKUBOV worked for Defendants 7 days from 6:00am to 10:00pm (16 hours/day). Accordingly, Plaintiff YAKUBOV worked 112 hours that week.

50. However, rather than paying Plaintiff YAKUBOV for 40 hours at the minimum wage hourly rate of $9.00 and 72 hours at his overtime hourly rate of $13.50, for a total of $1,332.00, Defendants only paid Plaintiff YAKUBOV $100.00 that week.

51. Thus, from on or about September 30, 2016 through on or about October 6, 2016, Defendants denied Plaintiff YAKUBOV approximately **$1,232.00** in total wages for the week.

52. From on or about October 7, 2016 through on or about October 13, 2016, Plaintiff YAKUBOV worked for Defendants 6 days from 6:00am to 10:00pm (16 hours/day). Accordingly, Plaintiff YAKUBOV worked 96 hours that week.

53. However, rather than paying Plaintiff YAKUBOV for 40 hours at the minimum wage hourly rate of $9.00 and 56 hours at his overtime hourly rate of $13.50, for a total of $1,116.00, Defendants did not pay Plaintiff YAKUBOV any wages that week.

54. Thus, from on or about October 7, 2016 through on or about October 13, 2016, Defendants denied Plaintiff YAKUBOV approximately **$1,116.00** in total wages for the week.

55. From on or about October 14, 2016 through on or about October 20, 2016, Plaintiff YAKUBOV worked for Defendants 5 days from 6:00am to 10:00pm (16 hours/day). Accordingly, Plaintiff YAKUBOV worked 80 hours that week.

56. However, rather than paying Plaintiff YAKUBOV for 40 hours at the minimum wage hourly rate of $9.00 and 40 hours at his overtime hourly rate of $13.50, for a total of $900.00, Defendants did not pay Plaintiff YAKUBOV any wages that week.

57.     Thus, from on or about October 14, 2016 through on or about October 20, 2016, Defendants denied Plaintiff YAKUBOV approximately **$900.00** in total wages for the week.

58.     From on or about October 21, 2016 through on or about October 27, 2016, Plaintiff YAKUBOV worked for Defendants 7 days from 6:00am to 10:00pm (16 hours/day). Accordingly, Plaintiff YAKUBOV worked 112 hours that week.

59.     However, rather than paying Plaintiff YAKUBOV for 40 hours at the minimum wage hourly rate of $9.00 and 72 hours at his overtime hourly rate of $13.50, for a total of $1,332.00, Defendants only paid Plaintiff YAKUBOV $600.00 that week.

60.     Thus, from on or about October 21, 2016 through on or about October 27, 2016, Defendants underpaid Plaintiff YAKUBOV approximately **$732.00** in total wages for the week.

61.     From on or about October 28, 2016 through on or about November 3, 2016, Plaintiff YAKUBOV worked for Defendants 6 days from 6:00am to 10:00pm (16 hours/day). Accordingly, Plaintiff YAKUBOV worked 96 hours that week.

62.     However, rather than paying Plaintiff YAKUBOV for 40 hours at the minimum wage hourly rate of $9.00 and 56 hours at his overtime hourly rate of $13.50, for a total of $1,116.00, Defendants did not pay Plaintiff YAKUBOV any wages that week.

63.     Thus, from on or about October 28, 2016 through on or about November 3, 2016, Defendants denied Plaintiff YAKUBOV approximately **$1,116.00** in total wages for the week.

64.     From on or about November 4, 2016 through on or about November 10, 2016, Plaintiff YAKUBOV worked for Defendants 7 days from 6:00am to 10:00pm (16 hours/day).

Accordingly, Plaintiff YAKUBOV worked 112 hours that week.

65.    However, rather than paying Plaintiff YAKUBOV for 40 hours at the minimum wage hourly rate of $9.00 and 72 hours at his overtime hourly rate of $13.50, for a total of $1,332.00, Defendants only paid Plaintiff YAKUBOV $1,200.00 that week.

66.    Thus, from on or about November 4, 2016 through on or about November 10, 2016, Defendants underpaid Plaintiff YAKUBOV approximately **$132.00** in total wages for the week.

67.    From on or about November 11, 2016 through on or about November 17, 2016, Plaintiff YAKUBOV worked for Defendants 7 days from 6:00am to 10:00pm (16 hours/day). Accordingly, Plaintiff YAKUBOV worked 112 hours that week.

68.    However, rather than paying Plaintiff YAKUBOV for 40 hours at the minimum wage hourly rate of $9.00 and 72 hours at his overtime hourly rate of $13.50, for a total of $1,332.00, Defendants did not pay Plaintiff YAKUBOV any wages that week.

69.    Thus, from on or about November 11, 2016 through on or about November 17, 2016, Defendants underpaid Plaintiff YAKUBOV approximately **$1,332.00** in total wages for the week.

70.    From on or about November 18, 2016 through on or about November 23, 2016, Plaintiff YAKUBOV worked for Defendants 6 days from 6:00am to 10:00pm (16 hours/day). Accordingly, Plaintiff YAKUBOV worked 96 hours that week.

71.    However, rather than paying Plaintiff YAKUBOV for 40 hours at the minimum wage hourly rate of $9.00 and 56 hours at his overtime hourly rate of $13.50, for a total of $1,116.00, Defendants only paid Plaintiff YAKUBOV $200.00 that week.

72.    Thus, from on or about November 18, 2016 through on or about November 23, 2016,

Defendants underpaid Plaintiff YAKUBOV approximately **$916.00** in total wages for the week.

73. From on or about December 4, 2016 through on or about December 10, 2016, Plaintiff YAKUBOV worked for Defendants 7 days from 6:00am to 10:00pm (16 hours/day). Accordingly, Plaintiff YAKUBOV worked 112 hours that week.

74. However, rather than paying Plaintiff YAKUBOV for 40 hours at the minimum wage hourly rate of $9.00 and 72 hours at his overtime hourly rate of $13.50, for a total of $1,332.00, Defendants only paid Plaintiff YAKUBOV $1,000.00 that week.

75. Thus, from on or about December 4, 2016 through on or about December 10, 2016, Defendants underpaid Plaintiff YAKUBOV approximately **$332.00** in total wages for the week.

76. From on or about December 11, 2016 through on or about December 17, 2016, Plaintiff YAKUBOV worked for Defendants 6 days from 6:00am to 10:00pm (16 hours/day). Accordingly, Plaintiff YAKUBOV worked 96 hours that week.

77. However, rather than paying Plaintiff YAKUBOV for 40 hours at the minimum wage hourly rate of $9.00 and 56 hours at his overtime hourly rate of $13.50, for a total of $1,116.00, Defendants did not pay Plaintiff YAKUBOV any wages that week.

78. Thus, from on or about December 11, 2016 through on or about December 17, 2016, Defendants underpaid Plaintiff YAKUBOV approximately **$1,116.00** in total wages for the week.

79. From on or about December 18, 2016 through on or about December 24, 2016, Plaintiff YAKUBOV worked for Defendants 6 days from 6:00am to 10:00pm (16 hours/day). Accordingly, Plaintiff YAKUBOV worked 96 hours that week.

80.     However, rather than paying Plaintiff YAKUBOV for 40 hours at the minimum wage hourly rate of $9.00 and 56 hours at his overtime hourly rate of $13.50, for a total of $1,116.00, Defendants only paid Plaintiff YAKUBOV $400.00 that week.

81.     Thus, from on or about December 18, 2016 through on or about December 24, 2016, Defendants underpaid Plaintiff YAKUBOV approximately **$716.00** in total wages for the week.

82.     From on or about January 2, 2017 through on or about January 7, 2017, Plaintiff YAKUBOV worked for Defendants 6 days from 6:00am to 10:00pm (16 hours/day). Accordingly, Plaintiff YAKUBOV worked 96 hours that week.

83.     However, rather than paying Plaintiff YAKUBOV for 40 hours at the minimum wage hourly rate of $10.50 and 56 hours at his overtime hourly rate of $15.75, for a total of $1,302.00, Defendants only paid Plaintiff YAKUBOV $100.00 that week.

84.     Thus, from on or about January 2, 2017 through on or about January 7, 2017, Defendants underpaid Plaintiff YAKUBOV approximately **$1,202.00** in total wages for the week.

85.     From on or about January 8, 2017 through on or about January 14, 2017, Plaintiff YAKUBOV worked for Defendants 6 days from 6:00am to 10:00pm (16 hours/day). Accordingly, Plaintiff YAKUBOV worked 96 hours that week.

86.     However, rather than paying Plaintiff YAKUBOV for 40 hours at the minimum wage hourly rate of $10.50 and 56 hours at his overtime hourly rate of $15.75, for a total of $1,302.00, Defendants only paid Plaintiff YAKUBOV $200.00 that week.

87.     Thus, from on or about January 8, 2017 through on or about January 14, 2017, Defendants underpaid Plaintiff YAKUBOV approximately **$1,102.00** in total wages for the week.

88.     From on or about January 15, 2017 through on or about January 21, 2017, Plaintiff YAKUBOV worked for Defendants 6 days from 6:00am to 10:00pm (16 hours/day). Accordingly, Plaintiff YAKUBOV worked 96 hours that week.

89.     However, rather than paying Plaintiff YAKUBOV for 40 hours at the minimum wage hourly rate of $10.50 and 56 hours at his overtime hourly rate of $15.75, for a total of $1,302.00, Defendants did not pay Plaintiff YAKUBOV any wages that week.

90.     Thus, from on or about January 15, 2017 through on or about January 21, 2017, Defendants underpaid Plaintiff YAKUBOV approximately **$1,302.00** in total wages for the week.

91.     From on or about January 22, 2017 through on or about January 28, 2017, Plaintiff YAKUBOV worked for Defendants 6 days from 6:00am to 10:00pm (16 hours/day). Accordingly, Plaintiff YAKUBOV worked 96 hours that week.

92.     However, rather than paying Plaintiff YAKUBOV for 40 hours at the minimum wage hourly rate of $10.50 and 56 hours at his overtime hourly rate of $15.75, for a total of $1,302.00, Defendants only paid Plaintiff YAKUBOV $600.00 that week.

93.     Thus, from on or about January 22, 2017 through on or about January 28, 2017, Defendants underpaid Plaintiff YAKUBOV approximately **$1,702.00** in total wages for the week.

94.     From on or about January 29, 2017 through on or about February 4, 2017, Plaintiff YAKUBOV worked for Defendants 6 days from 6:00am to 10:00pm (16 hours/day). Accordingly, Plaintiff YAKUBOV worked 96 hours that week.

95.     However, rather than paying Plaintiff YAKUBOV for 40 hours at the minimum wage hourly rate of $10.50 and 56 hours at his overtime hourly rate of $15.75, for a total of

$1,302.00, Defendants only paid Plaintiff YAKUBOV $400.00 that week.

96.     Thus, from on or about January 29, 2017 through on or about February 4, 2017, Defendants underpaid Plaintiff YAKUBOV approximately **$902.00** in total wages for the week.

97.     From on or about February 5, 2017 through on or about February 11, 2017, Plaintiff YAKUBOV worked for Defendants 6 days from 6:00am to 10:00pm (16 hours/day). Accordingly, Plaintiff YAKUBOV worked 96 hours that week.

98.     However, rather than paying Plaintiff YAKUBOV for 40 hours at the minimum wage hourly rate of $10.50 and 56 hours at his overtime hourly rate of $15.75, for a total of $1,302.00, Defendants only paid Plaintiff YAKUBOV $1,100.00 that week.

99.     Thus, from on or about February 5, 2017 through on or about February 11, 2017, Defendants underpaid Plaintiff YAKUBOV approximately **$202.00** in total wages for the week.

100.    From on or about February 12, 2017 through on or about February 18, 2017, Plaintiff YAKUBOV worked for Defendants 5 days from 6:00am to 10:00pm (16 hours/day). Accordingly, Plaintiff YAKUBOV worked 80 hours that week.

101.    However, rather than paying Plaintiff YAKUBOV for 40 hours at the minimum wage hourly rate of $10.50 and 40 hours at his overtime hourly rate of $15.75, for a total of $1,050.00, Defendants only paid Plaintiff YAKUBOV $800.00 that week.

102.    Thus, from on or about February 12, 2017 through on or about February 18, 2017, Defendants underpaid Plaintiff YAKUBOV approximately **$250.00** in total wages for the week.

103.    From on or about March 5, 2017 through on or about March 11, 2017, Plaintiff

YAKUBOV worked for Defendants 6 days from 6:00am to 10:00pm (16 hours/day). Accordingly, Plaintiff YAKUBOV worked 96 hours that week.

104. However, rather than paying Plaintiff YAKUBOV for 40 hours at the minimum wage hourly rate of $10.50 and 56 hours at his overtime hourly rate of $15.75, for a total of $1,302.00, Defendants only paid Plaintiff YAKUBOV $800.00 that week.

105. Thus, from on or about March 5, 2017 through on or about March 11, 2017, Defendants underpaid Plaintiff YAKUBOV approximately **$502.00** in total wages for the week.

106. From on or about March 12, 2017 through on or about March 18, 2017, Plaintiff YAKUBOV worked for Defendants 5 days from 6:00am to 10:00pm (16 hours/day). Accordingly, Plaintiff YAKUBOV worked 80 hours that week.

107. However, rather than paying Plaintiff YAKUBOV for 40 hours at the minimum wage hourly rate of $10.50 and 40 hours at his overtime hourly rate of $15.75, for a total of $1,050.00, Defendants only paid Plaintiff YAKUBOV $300.00 that week.

108. Thus, from on or about March 12, 2017 through on or about March 18, 2017, Defendants underpaid Plaintiff YAKUBOV approximately **$750.00** in total wages for the week.

109. From on or about March 26, 2017 through on or about April 1, 2017, Plaintiff YAKUBOV worked for Defendants 6 days from 6:00am to 10:00pm (16 hours/day). Accordingly, Plaintiff YAKUBOV worked 96 hours that week.

110. However, rather than paying Plaintiff YAKUBOV for 40 hours at the minimum wage hourly rate of $10.50 and 56 hours at his overtime hourly rate of $15.75, for a total of $1,302.00, Defendants only paid Plaintiff YAKUBOV $500.00 that week.

111. Thus, from on or about March 26, 2017 through on or about April 1, 2017, Defendants underpaid Plaintiff YAKUBOV approximately **$802.00** in total wages for the week.

112.    From on or about April 2, 2017 through on or about April 8, 2017, Plaintiff YAKUBOV
        worked for Defendants 7 days from 6:00am to 10:00pm (16 hours/day).   Accordingly,
        Plaintiff YAKUBOV worked 112 hours that week.

113.    However, rather than paying Plaintiff YAKUBOV for 40 hours at the minimum wage
        hourly rate of $10.50 and 72 hours at his overtime hourly rate of $15.75, for a total of
        $1,554.00, Defendants only paid Plaintiff YAKUBOV $480.00 that week.

114.    Thus, from on or about April 2, 2017 through on or about April 8, 2017, Defendants
        underpaid Plaintiff YAKUBOV approximately **$1,074.00** in total wages for the week.

115.    From on or about April 9, 2017 through on or about April 15, 2017, Plaintiff YAKUBOV
        worked for Defendants 2 days from 6:00am to 10:00pm (16 hours/day).   Accordingly,
        Plaintiff YAKUBOV worked 32 hours that week.

116.    However, rather than paying Plaintiff YAKUBOV for 32 hours at the minimum wage
        hourly rate of $10.50, for a total of $336.00, Defendants did not pay Plaintiff YAKUBOV
        any wages that week.

117.    Thus, from on or about April 9, 2017 through on or about April 15, 2017, Defendants
        underpaid Plaintiff YAKUBOV approximately **$336.00** in total wages for the week.

118.    From on or about April 16, 2017 through on or about April 22, 2017, Plaintiff
        YAKUBOV worked for Defendants 7 days from 6:00am to 10:00pm (16 hours/day).
        Accordingly, Plaintiff YAKUBOV worked 112 hours that week.

119.    However, rather than paying Plaintiff YAKUBOV for 40 hours at the minimum wage
        hourly rate of $10.50 and 72 hours at his overtime hourly rate of $15.75, for a total of
        $1,554.00, Defendants only paid Plaintiff YAKUBOV $500.00 that week.

120.    Thus, from on or about April 16, 2017 through on or about April 22, 2017, Defendants

underpaid Plaintiff YAKUBOV approximately **$1,054.00** in total wages for the week.

121.   From on or about April 23, 2017 through on or about April 29, 2017, Plaintiff YAKUBOV worked for Defendants 5 days from 6:00am to 10:00pm (16 hours/day). Accordingly, Plaintiff YAKUBOV worked 80 hours that week.

122.   However, rather than paying Plaintiff YAKUBOV for 40 hours at the minimum wage hourly rate of $10.50 and 40 hours at his overtime hourly rate of $15.75, for a total of $1,050.00, Defendants did not pay Plaintiff YAKUBOV any wages that week.

123.   Thus, from on or about April 23, 2017 through on or about April 29, 2017, Defendants underpaid Plaintiff YAKUBOV approximately **$1,050.00** in total wages for the week.

124.   From on or about April 30, 2017 through on or about May 6, 2017, Plaintiff YAKUBOV worked for Defendants 5 days from 6:00am to 10:00pm (16 hours/day).  Accordingly, Plaintiff YAKUBOV worked 80 hours that week.

125.   However, rather than paying Plaintiff YAKUBOV for 40 hours at the minimum wage hourly rate of $10.50 and 40 hours at his overtime hourly rate of $15.75, for a total of $1,050.00, Defendants only paid Plaintiff YAKUBOV $700.00 that week.

126.   Thus, from on or about April 30, 2017 through on or about May 6, 2017, Defendants underpaid Plaintiff YAKUBOV approximately **$350.00** in total wages for the week.

127.   From on or about May 7, 2017 through on or about May 13, 2017, Plaintiff YAKUBOV worked for Defendants 5 days from 6:00am to 10:00pm (16 hours/day).  Accordingly, Plaintiff YAKUBOV worked 80 hours that week.

128.   However, rather than paying Plaintiff YAKUBOV for 40 hours at the minimum wage hourly rate of $10.50 and 40 hours at his overtime hourly rate of $15.75, for a total of $1,050.00, Defendants did not pay Plaintiff YAKUBOV any wages that week.

129.  Thus, from on or about May 7, 2017 through on or about May 13, 2017, Defendants underpaid Plaintiff YAKUBOV approximately **$1,050.00** in total wages for the week.

130.  From on or about May 14, 2017 through on or about May 20, 2017, Plaintiff YAKUBOV worked for Defendants 5 days from 6:00am to 10:00pm (16 hours/day).  Accordingly, Plaintiff YAKUBOV worked 80 hours that week.

131.  However, rather than paying Plaintiff YAKUBOV for 40 hours at the minimum wage hourly rate of $10.50 and 40 hours at his overtime hourly rate of $15.75, for a total of $1,050.00, Defendants only paid Plaintiff YAKUBOV $500.00 that week.

132.  Thus, from on or about May 14, 2017 through on or about May 20, 2017, Defendants underpaid Plaintiff YAKUBOV approximately **$550.00** in total wages for the week.

133.  From on or about May 21, 2017 through on or about May 27, 2017, Plaintiff YAKUBOV worked for Defendants 5 days from 6:00am to 10:00pm (16 hours/day).  Accordingly, Plaintiff YAKUBOV worked 80 hours that week.

134.  However, rather than paying Plaintiff YAKUBOV for 40 hours at the minimum wage hourly rate of $10.50 and 40 hours at his overtime hourly rate of $15.75, for a total of $1,050.00, Defendants only paid Plaintiff YAKUBOV $400.00 that week.

135.  Thus, from on or about May 21, 2017 through on or about May 27, 2017, Defendants underpaid Plaintiff YAKUBOV approximately **$650.00** in total wages for the week.

136.  From on or about May 28, 2017 through on or about June 3, 2017, Plaintiff YAKUBOV worked for Defendants 3 days from 6:00am to 10:00pm (16 hours/day).  Accordingly, Plaintiff YAKUBOV worked 48 hours that week.

137.  However, rather than paying Plaintiff YAKUBOV for 40 hours at the minimum wage hourly rate of $10.50 and 8 hours at his overtime hourly rate of $15.75, for a total of

$546.00, Defendants only paid Plaintiff YAKUBOV $300.00 that week.

138. Thus, from on or about May 28, 2017 through on or about June 3, 2017, Defendants underpaid Plaintiff YAKUBOV approximately **$246.00** in total wages for the week.

139. From on or about June 4, 2017 through on or about June 10, 2017, Plaintiff YAKUBOV worked for Defendants 6 days from 6:00am to 10:00pm (16 hours/day).  Accordingly, Plaintiff YAKUBOV worked 96 hours that week.

140. However, rather than paying Plaintiff YAKUBOV for 40 hours at the minimum wage hourly rate of $10.50 and 56 hours at his overtime hourly rate of $15.75, for a total of $1,302.00, Defendants did not pay Plaintiff YAKUBOV any wages that week.

141. Thus, from on or about June 4, 2017 through on or about June 10, 2017, Defendants underpaid Plaintiff YAKUBOV approximately **$1,302.00** in total wages for the week.

142. From on or about June 11, 2017 through on or about June 17, 2017, Plaintiff YAKUBOV worked for Defendants 6 days from 6:00am to 10:00pm (16 hours/day).  Accordingly, Plaintiff YAKUBOV worked 96 hours that week.

143. However, rather than paying Plaintiff YAKUBOV for 40 hours at the minimum wage hourly rate of $10.50 and 56 hours at his overtime hourly rate of $15.75, for a total of $1,302.00, Defendants only paid Plaintiff YAKUBOV $500.00 that week.

144. Thus, from on or about June 11, 2017 through on or about June 17, 2017, Defendants underpaid Plaintiff YAKUBOV approximately **$802.00** in total wages for the week.

145. From on or about June 18, 2017 through on or about June 24, 2017, Plaintiff YAKUBOV worked for Defendants 6 days from 6:00am to 10:00pm (16 hours/day).  Accordingly, Plaintiff YAKUBOV worked 96 hours that week.

146. However, rather than paying Plaintiff YAKUBOV for 40 hours at the minimum wage

hourly rate of $10.50 and 56 hours at his overtime hourly rate of $15.75, for a total of $1,302.00, Defendants only paid Plaintiff YAKUBOV $200.00 that week.

147. Thus, from on or about June 18, 2017 through on or about June 24, 2017, Defendants underpaid Plaintiff YAKUBOV approximately **$1,102.00** in total wages for the week.

148. From on or about July 2, 2017 through on or about July 8, 2017, Plaintiff YAKUBOV worked for Defendants 3 days from 6:00am to 10:00pm (16 hours/day).  Accordingly, Plaintiff YAKUBOV worked 48 hours that week.

149. However, rather than paying Plaintiff YAKUBOV for 40 hours at the minimum wage hourly rate of $10.50 and 8 hours at his overtime hourly rate of $15.75, for a total of $546.00, Defendants only paid Plaintiff YAKUBOV $500.00 that week.

150. Thus, from on or about July 2, 2017 through on or about July 8, 2017, Defendants underpaid Plaintiff YAKUBOV approximately **$46.00** in total wages for the week.

151. From on or about July 9, 2017 through on or about July 15, 2017, Plaintiff YAKUBOV worked for Defendants 6 days from 6:00am to 10:00pm (16 hours/day).  Accordingly, Plaintiff YAKUBOV worked 96 hours that week.

152. However, rather than paying Plaintiff YAKUBOV for 40 hours at the minimum wage hourly rate of $10.50 and 56 hours at his overtime hourly rate of $15.75, for a total of $1,302.00, Defendants only paid Plaintiff YAKUBOV $250.00 that week.

153. Thus, from on or about July 2, 2017 through on or about July 8, 2017, Defendants underpaid Plaintiff YAKUBOV approximately **$1,052.00** in total wages for the week.

154. Finally, from on or about July 16, 2017 through on or about July 22, 2017, Plaintiff YAKUBOV worked for Defendants 4 days from 6:00am to 10:00pm (16 hours/day). Accordingly, Plaintiff YAKUBOV worked 64 hours that week.

155.   However, rather than paying Plaintiff YAKUBOV for 40 hours at the minimum wage hourly rate of $10.50 and 24 hours at his overtime hourly rate of $15.75, for a total of $798.00, Defendants did not pay Plaintiff YAKUBOV any wages that week.

156.   Thus, from on or about July 16, 2017 through on or about July 22, 2017, Defendants underpaid Plaintiff YAKUBOV approximately **$798.00** in total wages for the week.

157.   On or about July 22, 2017, Defendant ALEX and Defendant OXANA informed Plaintiff YAKUBOV that they were closing Café Globus, and as such, terminated Plaintiff YAKUBOV's employment.

158.   As a result, due to Defendants' blatant violations of the NYLL and the FLSA, Plaintiff YAKUBOV is owed a total of **$32,170.00** in **unpaid wages** for work performed for Defendants.

159.   Upon information and belief, on or about July 13, 2017, Defendants formed Defendant BOSS FOOD, and on or about July 23, 2017, Defendants opened up a new Russian restaurant named Boss Food (Café Globus's successor in interest), located at 2896 West 12th Street, Brooklyn, New York 11224.

160.   On or about January 20, 2018, after months of Plaintiff YAKUBOV begging Defendants to pay him all of his unpaid wages, Defendants finally gave Plaintiff YAKUBOV three (3) checks from the checking account of Defendant BOSS FOOD, totaling only $1,500.00, a small fraction of what Defendants owe Plaintiff YAKUBOV.

161.   However, not only did Defendants wholly fail to provide Plaintiff YAKUBOV with the remainder of his unpaid earned wages, but in or around late-January 2018, Plaintiff YAKUBOV received notice from his bank that Defendants' three (3) checks bounced due to "insufficient funds."

162.   Furthermore, Defendants never provided Plaintiff YAKUBOV with any sort of written notice regarding: his regular rate of pay, overtime rate of pay, how he was to be paid, his "regular payday," the official name of the employer and any other names used for business, the address and phone number of the employer's main office or principal location, nor, allowances taken as part of the minimum wage (including, inter alia, tips).

163.   Plaintiff YAKUBOV has been damaged by Defendants' failure to pay his lawfully earned wages.

164.   Defendants' failure to pay Plaintiff YAKUBOV his earned wages required by law was willful.

165.   Defendants' conduct was malicious, willful, outrageous, and conducted with full knowledge of the law.  As such, Plaintiff YAKUBOV demands Liquidated Damages as against both Defendants, jointly and severally.

## AS A FIRST CAUSE OF ACTION
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## <u>MINIMUM WAGE</u>

166.   Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

167.   Defendants willfully employed Plaintiff in the aforementioned enterprise and failed to compensate Plaintiff at the required minimum hourly rate for his employment.

168.   Defendants' failure to pay Plaintiff the mandated minimum hourly pay in accordance with the FLSA was a direct violation of the FLSA, specifically 29 U.S.C. § 206.

169.   Defendants' failure to pay proper minimum wages for each hour worked was willful within the meaning of 29 U.S.C. § 255.

170.   Defendants' failure to comply with the FLSA has caused Plaintiff to suffer loss of wages.

## AS A SECOND CAUSE OF ACTION
## VIOLATION OF NEW YORK LABOR LAW § 652(1)
## <u>MINIMUM WAGE</u>

171.   Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

172.   Plaintiff was an employee of Defendants within the meaning of the NYLL.

173.   Defendants failed to pay Plaintiff the required minimum hourly wage rate for one hour of work.

174.   Defendants violated Plaintiff's right to minimum wage pay under § 652(1); New York Labor Law, Article 19.

175.   Defendants also violated New York's Minimum Wage Order of 12 NYCRR Part No. 142.

176.   On account of such violations, Defendants are liable to Plaintiff for actual, statutory and liquidated damages.

177.   Defendants' actions were willful.

178.   Defendants' failure to comply with the NYLL and New York's Minimum Wage Order caused Plaintiff to suffer loss of wages.

## AS A THIRD CAUSE OF ACTION
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## <u>OVERTIME</u>

179.   Plaintiff repeats and realleges each and every paragraph above as if said paragraph was more fully set forth herein at length.

180.   Defendants willfully employed Plaintiff for workweeks longer than forty (40) hours and

failed to compensate Plaintiff for his employment in excess of forty (40) hours per week at a rate of at least one-and-one-half times the rate at which he was employed.

181.   Defendants failed to pay overtime wages to Plaintiff as required by the FLSA, 29 U.S.C. §201, *et seq.*, and its implementing regulations.

182.   Defendants' failure to pay Plaintiff overtime pay in accordance with the FLSA is a direct violation of the FLSA, specifically 29 U.S.C. §207.

183.   Defendants' failure to pay proper overtime wages for each hour worked over forty (40) per week was willful within the meaning of 29 U.S.C. §255.

184.   Defendants' failure to comply with the FLSA has caused Plaintiff to suffer a loss of wages.

## AS A FOURTH CAUSE OF ACTION
## VIOLATION OF NEW YORK LABOR LAW
## <u>OVERTIME</u>

185.   Plaintiff repeats and realleges each and every paragraph above as if said paragraph was more fully set forth herein at length.

186.   Defendants employed Plaintiff within the meaning of NYLL §§ 2, 190, and 651.

187.   Defendants failed to pay Plaintiff a premium for hours worked in excess of forty (40) hours per week, in violation of NYLL §170.

188.   Defendants have violated Plaintiff's rights to overtime pay under Title 12 NYCRR 142-2.2.

189.   Defendants' failure to comply with the NYLL overtime requirements has caused Plaintiff to suffer loss of wages and interest thereon.

190.   Defendants' failure to pay proper overtime wages is willful.

191.   Due to Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants his unpaid overtime wages in an amount to be determined at trial, plus an amount equal to 100% of Plaintiff's unpaid overtime wages in the form of liquidated damages, as well as attorneys' fees and costs of the action, including pre- and post- judgment interest, pursuant to NYLL §§ 198 and 663(1).

### AS A FIFTH CAUSE OF ACTION
### VIOLATION OF THE NEW YORK LABOR LAW
### WAGE NOTICE REQUIREMENT

192.   Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

193.   The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer. NYLL §195-1(a).

194.   Defendants intentionally failed to provide notice to Plaintiff in violation of NYLL §195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on his or her first day of employment.

195.   Defendants not only did not provide notice to Plaintiff at time of hire, but failed to

provide notice to Plaintiff even after the fact.

196.   Due to Defendants' violations of NYLL, Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to NYLL. NYLL §198(1-b).

## AS A SIXTH CAUSE OF ACTION
## VIOLATION OF NEW YORK LABOR LAW
## NEW YORK PAYSTUB REQUIREMENT

197.   Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

198.   The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL §195-1(d).

199.   Defendants have failed to make a good faith effort to comply with the NYLL with respect to compensation of Plaintiff and did not provide a paystub on or after Plaintiff's payday.

200.   Due to Defendants' violations of NYLL, Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each Plaintiff together with costs and attorneys' fees pursuant to NYLL. NYLL §198(1-d).

**WHEREFORE**, Plaintiff respectfully requests a judgment against Defendants:

A.   Declaring that Defendants engaged in unlawful employment practices prohibited by the FLSA and the NYLL by failing to pay Plaintiff his earned wages;

B.   Declaring that Defendants engaged in unlawful employment practices prohibited by the NYLL by failing to give proper wage notice and paystubs;

C.  Awarding damages to Plaintiff for all unpaid wages due under the FLSA and the NYLL;

D.  Awarding damages to Plaintiff as a result of Defendants' failure to provide proper wage notice and paystubs as required under the NYLL;

E.  Awarding Plaintiff liquidated damages as a result of Defendants' willful failure to pay wages;

F.  Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action; and

G.  Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy Defendants' unlawful employment practices.

Dated: New York, New York
August 23, 2018

**LAW OFFICE OF
YURIY MOSHES, P.C.**

By: _____

Alex Umansky (AU7961)
*Attorneys for Plaintiff*
322 West 48th Street, 6th Floor
New York, New York 10036
(718) 504-6090
aumansky@mosheslaw.com